**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **REDUCE SENTENCE** |
| vs. | ) | |
| | ) | Case No. 3:20-cr-148 |
| Shareen Marie Roberts, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Shareen Marie Roberts moves for a sentence reduction.  Doc. No. 87.  The Government opposes the motion.  Doc. No. 93.  Roberts seeks a reduction in her sentence based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018 ("FSA").  For the reasons below, the motion is denied.

## I.      BACKGROUND

On August 3, 2021, the Court sentenced Roberts to 204 months' imprisonment for conspiracy to possess with intent to distribute and distribute a controlled substance, in violation of 21 U.S.C. § 846.  Doc. No. 79.  The Bureau of Prisons ("BOP") placed Roberts at FCI Waseca, in Minnesota.  Now 54 years old, Roberts has a projected release date in February 2035.  Inmate Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 4, 2023).

As grounds for release, Roberts cites several of her own "severe health conditions" and her desire to take care of her husband.  Doc. No. 87.  She submitted a request for compassionate release to the warden at FCI Waseca, and the warden recently denied the request.  Doc. No. 93-1.

## II.      DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  As one narrow exception to that

rule, a court "may reduce the term of imprisonment" when "extraordinary and compelling reasons" exist and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1]  18 U.S.C. § 3582(c)(1)(A)(i).  The 18 U.S.C. § 3553(a) factors also must support the reduction.  Id.  The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant.  See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

### A.    Administrative Exhaustion

With the enactment of the FSA, federal courts may grant compassionate release "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Roberts has exhausted her administrative rights to appeal (Doc. No. 93-1), so the Court will proceed to the merits.

### B.    Extraordinary and Compelling Reasons

The compassionate release statute does not define what constitutes "extraordinary and compelling reasons."  Instead, Congress dictated that the Sentencing Commission, through a policy statement, "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including . . . a list of specific examples."  28 U.S.C. § 994(t).  To meet its statutory obligation, the Commission promulgated § 1B1.13 in the 2018 Sentencing Guidelines Manual ("USSG").  The policy statement itself largely mirrors the compassionate release statute's language.  See USSG § 1B1.13(1)-(3).

---

[1] In lieu of extraordinary and compelling reasons, the statute also permits a sentence reduction where a defendant is at least 70 years old and certain additional conditions are met.  See 18 U.S.C. § 3582(c)(1)(A)(ii).  Roberts is 54 years old, so this avenue for relief is foreclosed.

Application Note 1 to the policy statement provides limited guidance as to what constitutes "extraordinary and compelling reasons."  So long as a defendant does not pose "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," the Application Note describes four instances that demonstrate extraordinary and compelling reasons for compassionate release.  USSG § 1B1.13(2); id. app. n.1.  The first three circumstances set out in subdivisions (A) through (C) pertain to a defendant's medical condition, age, or family circumstances, respectively.  See id. app. n.1(A)-(C).  Subdivision (D)—the catch-all provision—authorizes a sentence reduction when: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."  Id. app. n.1(D).

Because § 1B1.13 was issued when the Bureau of Prisons ("BOP") had the sole authority to bring motions for release under § 3582(c)(1)(A), the guideline (and specifically subdivision (D)) by its terms is limited to motions filed by the BOP.  However, consistent with United States v. Marcussen, 15 F.4th 855 (8th Cir. 2021), the Court will treat § 1B1.13 as a useful guide in determining how to exercise its discretion, while also recognizing that it has the authority to grant a reduction even in circumstances that do not comport with the terms of that provision.

Turning to the substance of her motion, Roberts appears to argue extraordinary and compelling reasons exist under either subdivision (A) or (C).  But she fails to clear the high bar necessary to warrant a sentence reduction under either subdivision.  Roberts broadly argues for release under 18 U.S.C. § 3582(c)(1)(A) for medical reasons—primarily citing her Type 2 diabetes and high blood pressure.  From a review of the available records though, Roberts is generally in good health beyond these conditions.  And importantly, there is nothing in the record to show that Roberts's medical conditions substantially diminish her ability to provide self-care.  USSG §

1B1.13, app. n.1(A)(ii).   As a result, there is no basis to find extraordinary and compelling circumstances under subdivision (A).

While sympathetic to Roberts's desire to take care of her husband, she offers no supporting documentation or explanation to satisfy the family circumstances provision under subdivision (C). There is nothing in the record to demonstrate that her husband is incapacitated or that Roberts is his only available caregiver.   Without more, there is no basis in the record to find extraordinary and compelling circumstances based on family circumstances.

### C.      Additional Requirements

Even if extraordinary and compelling reasons were present, the Court is not satisfied that Roberts's release is consistent with the 18 U.S.C. § 3553(a) sentencing factors.  See United States v. Hylander, No. 18-cr-60017-BLOOM, 2020 WL 1915950, at *2-3 (S.D. Fla. Apr. 20, 2020) (denying compassionate release where 66-year-old defendant had two underlying conditions but failed to show that he did not pose a danger and that § 3553(a) supported release); United States v. Moskop, No. 11-CR-30077-SMY, 2020 WL 1862636, at *2 (S.D. Ill. Apr. 14, 2020) (denying compassionate release where 72-year-old defendant had chronic medical conditions but § 3553(a) counseled against release).

At sentencing, the Court designated her as a career offender and in criminal history category VI, the highest criminal history category.  Notably, Roberts has an extensive history of distributing controlled substances and has committed drug offenses even when on court-imposed supervision.  The seriousness of her conduct cannot be overlooked in weighing the § 3553(a) factors.  Ultimately, the need to protect the public, ensure just and adequate punishment, promote deterrence, and avoid unwarranted sentencing disparities outweigh any factor Roberts may rely on

to justify compassionate release.   The applicable § 3553(a) factors, taken as a whole, favor continued incarceration.

### D.      Home Confinement

Finally, to the extent Roberts also moves for home confinement, the Court lacks jurisdiction to consider that request.  See United States v. Brown, No. 12-cr-172(3) (SRN), 2020 U.S. Dist. LEXIS 69965, at *6 (D. Minn. Apr. 21, 2020).   A request for transfer to home confinement is essentially for a request for a change in the location of confinement rather than the length of confinement.  Pursuant to 18 U.S.C. §§ 3621(b) and 3624(c), the BOP possesses the exclusive authority to determine the placement of prisoners.  Id. at *5; see also United States v. Kluge, No. CR 17-61 (DWF), 2020 WL 209287, at *3 (D. Minn. Jan. 14, 2020).  While the FSA expanded release opportunities for inmates, "it is BOP—not the courts—who decides whether home detention is appropriate[.]"  Brown, 2020 U.S. Dist. LEXIS, at *5-6 (quoting United States v. Yates, No. 15-40063-01-DDC, 2019 WL 1779773, *4 (D. Kan. Apr. 23, 2019)).

## III.   <u>CONCLUSION</u>

The Court has reviewed the entire record, the parties' filings, and the relevant legal authority.  For the reasons above, Roberts's motion to reduce sentence (Doc. No. 87) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 4th day of May, 2023.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court